1  ROBERT S. NELSON (SBN# 220984)
   NELSON LAW GROUP
2  900 Cherry Avenue, Suite 300
   San Bruno, CA 94066
3  (650) 794-2760 (phone)
   (650) 794-2761 (fax)
4  rnelson@nelsonlawgroup.net

5  Attorneys for Defendant
6  SANMINA-SCI CORPORATION

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  LARRY D. BRIGGS,                    | Case No. C 08-0870 MHP

12          Plaintiff,                  | **SANMINA-SCI CORPORATION'S**
        v.                              | **ANSWER TO EMPLOYMENT**
13                                      | **DISCRIMINATION COMPLAINT**
    SANMINA-SCI,
14                                      | **Complaint Filed:** February 8, 2008
            Defendant.
15

16

17      Defendant Sanmina-SCI Corporation ("Defendant") hereby answers Plaintiff Larry D.

18  Briggs' ("Plaintiff") form Employment Discrimination Complaint ("Complaint") in the above-

19  captioned action as follows:

20      1.   Defendant lacks sufficient information to admit or deny what Plaintiff's address

21  and telephone numbers are, and on that basis denies the allegations contained in Paragraph 1 of

22  the Complaint.

23      2.   Defendant admits that it has a facility located at 122 Lindbergh Avenue,

24  Livermore, California, 94551.

25      3.   To the extent the statements in Paragraph 3 of the Complaint are statements and/or

26  interpretations of law, Defendant is not required to admit or deny such statements. Defendant

27  lacks sufficient information to admit or deny whether jurisdiction is proper in this case, and on

28  that basis denies the allegations contained in Paragraph 3 of the Complaint.

4.    Defendant admits that the acts presently referenced in the Complaint concern the termination of Plaintiff's employment. Defendant also admits that Plaintiff began his employment on or around December 13, 2005, and that he held the position of "Machinist 4" at all times during his employment. Defendant furthermore admits that Plaintiff's employment was terminated on or around August 31, 2005, and that his direct supervisor was Carlos Colon. Defendant denies each and every other allegation contained in Paragraph 4 of the Complaint.

5.    Defendant denies each and every allegation contained in Paragraph 5 of the Complaint.

6.    Defendant denies each and every allegation contained in Paragraph 6 of the Complaint.

7.    Defendant denies each and every allegation contained in Paragraph 7 of the Complaint.

8.    Defendant lacks sufficient information to admit or deny when Plaintiff filed charges with the Equal Employment Opportunity Commission ("EEOC"), and on that basis denies the allegations contained in Paragraph 8 of the Complaint.

9.    Defendant lacks sufficient information to admit or deny when Plaintiff received a right-to-sue notice from the EEOC, and on that basis denies the allegations contained in Paragraph 8 of the Complaint.

10.    Defendant admits that Plaintiff has demanded a jury trial in this case.

11.    Defendant denies each and every allegation and/or claim for damages contained in the prayer for relief found in Paragraph 11 of the Complaint, and denies that Plaintiff is entitled to any injunctive relief, damages, costs and/or attorneys' fees as part of this lawsuit.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1.    Neither the Complaint as a whole, nor any of the purported causes of action set forth therein, contain facts sufficient to state a claim on which relief can be granted against Defendant.

2

ANSWER TO EMPLOY. DISCRIM. COMPLAINT, CASE NO. C 08-0870 MHP

**SECOND AFFIRMATIVE DEFENSE**

**(Estoppel, Waiver, Laches and Unclean Hands)**

2.     Defendant avers that Plaintiff's claims are barred by the equitable doctrines of waiver, estoppel, laches and unclean hands.

**THIRD AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

3.     Defendant is informed and believes, and thereon alleges, that the damages suffered by Plaintiff, if any, were not proximately caused by the conduct, acts and/or omissions, if any, of Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

4.     Plaintiff's Complaint, and/or each cause of action stated therein, is/are barred by the applicable statute(s) of limitations, including, but not limited to, 42 U.S.C. Section 2000e-5(e).

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

5.     Defendant avers that Plaintiff failed to mitigate his damages, if any, by exercising reasonable diligence.

**SIXTH AFFIRMATIVE DEFENSE**

**(Compliance With the Law)**

6.     Any recovery on Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, because of Defendant's compliance with underlying law.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Uncertainty)**

7.     The Complaint is uncertain as to the wrongful acts or omissions attributable to Defendant that allegedly caused injury and/or damage to Plaintiff, if any.

///

3

ANSWER TO EMPLOY. DISCRIM. COMPLAINT, CASE NO. C 08-0870 MHP

### EIGHTH AFFIRMATIVE DEFENSE
#### (No Entitlement to Attorneys' Fees)

8. As an affirmative defense to Plaintiff's prayer for attorneys' fees, if any, Defendant avers that Plaintiff failed to state either facts or authority sufficient to recover attorneys' fees.

### NINTH AFFIRMATIVE DEFENSE
#### (No Legal Cause)

9. If Plaintiff incurred any damages, those damages resulted from a cause or causes not legally related to any act or omission of Defendant.

### TENTH AFFIRMATIVE DEFENSE
#### (Failure to State Facts for Punitive Damages)

10. Plaintiff's Complaint fails to state facts sufficient to support an award against Defendant for punitive damages.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Failure to Exhaust Contractual Remedies)

11. Defendant avers that this Court lacks jurisdiction over this matter because Plaintiff failed to exhaust all applicable contractual remedies, if any such remedies exist.

### TWELFTH AFFIRMATIVE DEFENSE
#### (Failure to Exhaust Administrative Remedies)

12. Defendant avers that this Court lacks jurisdiction over this matter because Plaintiff failed to exhaust all applicable administrative remedies, if any such remedies exist.

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Comparative Fault)

13. Plaintiff, by his own acts and conduct, proximately caused and contributed to the damages alleged in the Complaint, and the liability of Defendant, if any, for purported damages suffered by Plaintiff, if any, must therefore be reduced in an amount proportionate to Plaintiff's fault.

///

4

ANSWER TO EMPLOY. DISCRIM. COMPLAINT, CASE NO. C 08-0870 MHP

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Perform)

14.    Defendant avers that Plaintiff failed to perform all conditions, obligations and promises to be performed on his part pursuant to the applicable contract(s) between the parties, if any such contract(s) exists.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Several Liability)

15.    Pursuant to both contract and statute (namely, California Code of Civil Procedure Section 1431.2), if Plaintiff recovers any sums whatsoever as a result of the Complaint, Defendant may be entitled to full or partial indemnity and/or a portion thereof against other parties, including, by not limited to, other defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Negligent, Intentional and/or Bad Faith Conduct)

16.    Defendant avers that Plaintiff's claims are barred by his own negligent, intentional and/or bad faith conduct.

## SEVENTEETH AFFIRMATIVE DEFENSE

### (Failure of Condition)

17.    Plaintiff failed to perform conditions precedent, concurrent and/or subsequent to any contract(s) on which the Complaint seeks recovery, if any such contract(s) exist.

## RIGHT TO AMEND AFFIRMATIVE DEFENSES

18.    Defendant has no independent knowledge, as of the filing of this Answer, of all facts constituting the causes of action of the Complaint.  Defendant therefore respectfully requests leave of Court to amend this Answer to include whatever additional affirmative defenses may be revealed during the course of Defendant's discovery.

THEREFORE Defendant SANMINA-SCI CORPORATION hereby prays that:

1.    Plaintiff's Complaint be dismissed in its entirety, with prejudice;

2.    Plaintiff take nothing by virtue of any claims or allegations made in the Complaint; and

ANSWER TO EMPLOY. DISCRIM. COMPLAINT, CASE NO. C 08-0870 MHP

3.      Defendant be awarded costs and such other relief that the Court deems just and
proper, including, but not limited to, an award of costs and attorneys' fees.

Dated: May 5, 2008                                          NELSON LAW GROUP


                                                    By:_____
                                                         Robert S. Nelson
                                                         Attorneys for Defendant
                                                         SANMINA-SCI CORPORATION

ANSWER TO EMPLOY. DISCRIM. COMPLAINT, CASE NO. C 08-0870 MHP