1  ROBERT S. NELSON (SBN# 220984)
   NELSON LAW GROUP
2  900 Cherry Avenue, Suite 300
   San Bruno, CA 94066
3  (650) 794-2760 (phone)
   (650) 794-2761 (fax)
4  rnelson@nelsonlawgroup.net

5  Attorneys for Defendant
   SANMINA-SCI CORPORATION
6

7
   LARRY D. BRIGGS (*Pro Se*)
8  1631 Fir Street
   Los Banos, CA 93635
9  Telephone: (209) 827-0852 (phone)
   dasz123002@yahoo.com
10
11 PLAINTIFF

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY D. BRIGGS,<br><br>              Plaintiff,<br><br>     v.<br><br>SANMINA-SCI,<br><br>              Defendant. | Case No. C 08-0870 EMC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER**<br><br>**Complaint Filed:** February 8, 2008 |

   Plaintiff Larry D. Briggs and Defendant Sanmina-SCI Corporation hereby submit this Joint Case Management Conference Statement and [Proposed] Case Management Order and request that the Court adopt it as its scheduling order in this case.

   Per the Court's original Order Setting Initial Case Management Conference and ADR Deadlines ("CMC Order"), the parties met and conferred on April 17, 2008 (through lead counsel for Defendant, and through Plaintiff, appearing *pro se*).  During that conference the parties conferred about all matters enumerated in both Fed. R. Civ. P. 26(f) and the CMC Order.  The

JOINT CASE MGMT. STMT. AND [PROP.] ORDER, CASE NO. C 08-0870 EMC

specific topics the parties conferred about, and the agreements and/or arrangements they made for each topic, are as follows:

### 1. Jurisdiction and Service.

This is a race discrimination case over which the Court has subject-matter jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq*.

There are no current issues (or issues that the parties foresee) involving personal jurisdiction or venue.

All parties currently named in the litigation have either been served, or have voluntarily waived service.

### 2. Facts.

Plaintiff claims that he was terminated from his employment with Defendant because of his race. Defendant denies these allegations and maintains that Plaintiff was in fact terminated for performance reasons, and/or misconduct.

### 3. Legal Issues.

The primary legal issue in dispute is whether Plaintiff was fired because of his race.

### 4. Motions.

Plaintiff's Complaint was filed on February 8, 2008; Defendant voluntarily waived service of process. Defendant filed its Answer to Plaintiff's Complaint on May 5, 2008. There are no pending motions at this time. Defendant anticipates bringing a motion (or motions) for summary judgment and/or summary adjudication.

### 5. Amendment of Pleadings.

The parties do not anticipate any amendment of the pleadings at this time.

### 6. Evidence Preservation.

Defendant has taken steps to preserve evidence relevant to the issues reasonably evident in this action, including distributing "document hold" memoranda to relevant personnel. Plaintiff has also taken steps to preserve his own e-mails and hard-copy documents.

///

**7. Disclosures.**

The parties have conferred about disclosures and have agreed to exchange all disclosures required by Fed. R. Civ. P. 26 prior to the Case Management Conference on July 2, 2008. The parties will disclose the following: the names and contact information of witnesses who support and/or refute the various claims and defenses that have been made in this case so far; descriptions of documents (and/or copies of the documents themselves) that support and/or refute the parties' respective claims and defenses; and documents that support and/or refute Plaintiff's computation of damages.

**8. Discovery (Proposed Discovery Plan).**

Discovery will likely be limited in this case. Defendant expects to only take the following discovery:

- Plaintiff's deposition, in or around August 2008;
- Requests for written discovery (to the extent they are still needed after Initial Disclosures), which will be completed in or around August 2008;
- Deposition of percipient witnesses, to be completed in or around October 2008.

Plaintiff expects to take the following discovery:

- Depositions of Defense witnesses, to be completed in or around September 2008.

**9. Related Cases.**

The only potentially related case of which the parties are aware is a Workers' Compensation claim that Plaintiff filed against Defendant on or around March 23, 2007 (Case No. SJO 0263095). However, that claim arose from a different set of facts than those alleged in the Complaint.

**10. Relief Sought.**

Plaintiff is seeking any such relief as may be appropriate, including injunctive orders, damages, costs and/or attorneys' fees.

**11. Settlement and ADR.**

The parties agree to submit to mediation with a Magistrate Judge. The parties respectfully

request a mediation compliance date no earlier than September 19, 2008.

The parties have complied with the ADR certification requirements of Civil L.R. 16-8(b).

**12. Consent to Magistrate Judge for All Purposes.**

Both parties consent to the assignment of a Magistrate Judge for all further proceedings, including trial.

**13. Other References.**

The parties agree that this case is *not* suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14. Narrowing of Issues**

The central issue in this case is already so discrete (i.e., was Plaintiff fired because of his race?) that further narrowing is likely not possible.

**15. Expedited Schedule.**

The parties agree that this case likely *cannot* be handled on an expedited basis with streamlined procedures.

**16. Scheduling.**

The parties propose the following dates for trial-related deadlines:

- Designation of expert witnesses, January 12, 2009, or thereabout;
- Discovery cut-off, February 24, 2009, or thereabout;
- Hearing of dispositive motions, March 4, 2009, or thereabout;
- Pretrial conference, March 11, 2009, or thereabout; and
- Trial, March 23, 2009, or thereabout.

**17. Trial.**

The parties request that trial in this case be scheduled no earlier than March 23, 2009, or thereabout. Defense counsel currently has other trials scheduled for August and November 2008.

**18. Disclosure of Non-party Interested Entities or Persons.**

Plaintiff is not aware of any person or entity that would have a financial interest in this litigation, or any other interest that would be substantially affected by the litigation's outcome.

Defendant is also not aware of any person or entity that would have a financial interest in this litigation, or any other interest that would be substantially affected by the litigation's outcome. On May 5, 2007 Defendant filed a F.R.C.P. Rule 7.1 Disclosure and Civil L.R. 3-16 Certificate of Interested Entities or Persons indicating the persons and/or entities with interests in this litigation.

**19. Service List.**

| | |
|---|---|
| Counsel for Defendant: | Robert S. Nelson, Esq.<br>Nelson Law Group<br>900 Cherry Avenue, Suite 300<br>San Bruno, CA 94066<br>(650) 794-2760 (phone)<br>(650) 794-2761 (facsimile)<br>rnelson@nelsonlawgroup.net |
| Plaintiff (*Pro Se*): | Larry D. Briggs<br>1631 Fir Street<br>Los Banos, CA 93635<br>Telephone: (209) 827-0852 (phone)<br>dasz123002@yahoo.com |

Dated: June 25, 2008                                             NELSON LAW GROUP


                                                                  By:____/S/ Robert S. Nelson_____
                                                                  Robert S. Nelson
                                                                  Attorneys for Defendant
                                                                  SANMINA-SCI CORPORATION

Dated: June 25, 2008                                             LARRY D. BRIGGS


                                                                  By:____/S/ Larry D. Briggs_____
                                                                  Larry D. Briggs
                                                                  Plaintiff (*Appearing Pro Se*)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28